IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                               PLAINTIFF

V.                                    4:18-CR-00049 DPM

STEVEN RAWLS, JR.                                                      DEFENDANT

DEFENDANT'S BRIEF IN SUPPORT OF *DE NOVO*
REVIEW OF DETENTION ORDER

Comes now the defendant, Steven Rawls, Jr., by and through his appointed counsel, Garry J. Corrothers, hereby requests that this Court review and modify the Detention Order, and states the following in support of his request for a *De Novo* Review of Detention Order and files this brief in support.

1. On May 4, 2022, the defendant appeared for his initial appearance hearing. The revocation hearing is scheduled for July 19, 2022, before Chief United States District Judge D.P. Marshall, Jr.

2. During the initial appearance, defendant requested a preliminary examination, which was granted by the court and the court found probable cause. However, the magistrate judge found that "under Federal Rule of Criminal Procedure 32.1, a [bond] hearing is not guaranteed." Further, "Rule 32.1 states, 'the magistrate judge *may* release or detain the person under 18 U.S.C., Section 3143(a)(1) pending further proceedings.'(Emphasis added.). [He found] the rule's

use of "may" means a defendant is not entitled to bond and *may* be given a bond hearing should the court find justification to address bond. Beyond the rule, [He] found no other authority on this issue.'"

3. Undersigned counsel maintains that a defendant is entitled to a bond hearing during his initial proceedings pursuant to Rule 32.1, just as he is entitled to a bond hearing after indictment pursuant to 18 U.S.C., Section 3141 *et seq*.

4. Specifically, Federal Rule of Criminal Procedure 32.1(a)(6) provides that "the magistrate judge *may* release or detain the person under 18 U.S.C., Section 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." Defendant would initially argue that the explicit directions regarding burden of proof contemplate a defendant being able to meet his burden of proof during an adversary hearing or otherwise being able to present some evidence as to why he would not flee or pose a danger to any other person or the community.

5. Rule 3143(a)(1) provides, in part, that the "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, . . . , be detained ***unless the judicial officer finds*** (Emphasis Added) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community .

. . . As noted above, Section 32.1(a)(6) has slightly different language, specifically placing the burden of proof of clear and convincing evidence on the person. Again, defendant would note that the rule explicitly places the burden of proof on the defendant. And how else would the defendant be able to meet his burden of proof other than at the full detention hearing.

6. *See United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994), stating, in part, as follows: In summary, we hold that if a defendant moves for bail pending his or her revocation hearing, the district court shall determine the person's eligibility for release under the standards of release set for in 18 U.S.C., Section 3143. The record shows that the district court did not provide Loya an opportunity to state his reasons in support of the bail motion. Nor did the district court in denying the motion consider the standards to release set forth in 18 U.S.C., Section 3143(a).

7. Undersigned counsel therefore maintains that due process standards would necessitate a bond hearing if requested by defendant.

WHEREFORE, the defendant, Steven Rawls, Jr., respectfully requests that this Court review the Detention Order *de novo*, and grant defendant's request for a bond hearing.

Respectfully submitted,

STEVEN RAWLS, JR.

By: Garry J. Corrothers  
CORROTHERS LAW OFFICE, PLLC  
221 W. 2nd Street, Suite 617  
Telephone: (501) 376-0812  
Fax: (501) 801-6297  
e-mail: gjcorrotherslaw@gmail.com  
ABN: 89-133

## CERTIFICATE OF SERVICE

I, hereby certify that on May 8, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Arkansas by using the CM\ECF System. Participants in the case who are registered CM\ECF users will be served by the CM\ECF system.

Garry J. Corrothers