IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 4:18-CR-00049 DPM |
| | ) | |
| STEVEN RAWLS JR. | ) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S BRIEF IN SUPPORT OF *DE NOVO* REVIEW OF DETENTION ORDER**

The United States of America, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Stephanie Mazzanti, Assistant United States Attorney, submits its response to defendant's brief in support of *de novo* review of detention order.

**I.    Background**

On March 4, 2020, defendant Steven Rawls Jr. was sentenced to 48 months' imprisonment to be followed by 2 years of supervised release. His supervision commenced on October 1, 2021. On April 29, 2022, the United States filed a petition for a warrant for violation of conditions of supervised release as to Rawls. The petition alleged that Rawls violated his conditions of supervised release when on April 28, 2022, Rawls fled in a stolen vehicle from North Little Rock Police Department. After a pursuit, Rawls was taken into custody. The investigation determined Rawls possessed a firearm. Also, Rawls violated his conditions when he failed to obtain and maintain employment since October 1, 2021, and failed to submit urine specimens on February 9, February 16, and April 7, 2022. Finally, Rawls violated conditions of supervised release when he failed to submit written monthly supervision reports for October 2021 through March 2022.

On May 4, 2022, the parties appeared before United States Magistrate Judge Joe J. Volpe for an initial appearance and preliminary examination after Rawls' arrest on the revocation

1

warrant. The Court found probable cause as to the revocation petition. Rawls also requested a bond hearing. Magistrate Judge Volpe found that "under Federal Rule of Criminal Procedure 32.1, a hearing is not guaranteed." (DCD 62). In so finding, the Court relied on the permissive language of Rule 32.1, which states, "The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings." (DCD 62). The Court found that the use of the word "may" means that a defendant is not entitled to a bond hearing, but "may" be given a bond hearing, if the Court "find[s] justification to address bond." (DCD 62). In its Order, the Court recounted the testimony during the preliminary examination as follows:

> United States Probation Officer Steven Daniels testified that police officers attempted to execute a traffic stop of Mr. Rawls after discovering he was driving a stolen car. Mr. Rawls attempted to flee from police and a high-speed pursuit ensued. Mr. Rawls was later apprehended after exiting the vehicle and a firearm was found in the direction Mr. Rawls traveled that was believed to be in his possession. Officer Daniels also testified that Mr. Rawls was generally technically noncompliant with the conditions of his supervised release by refusing to find employment, not submitting monthly reports, and failing to appear for random drug screens on several occasions.

(DCD 62). The Court ultimately held that "given 1) Officer Daniels' testimony during the preliminary examination and 2) the discretionary nature of Rule 32.1 as it relates to bond between the initial appearance and the revocation hearing – Defendant's request for a bond hearing is denied." (DCD 62). The Court invited the parties to provide authority showing entitlement to a bond hearing. (DCD 62).

On May 5, 2022, Rawls filed his notice of appeal. The United States promptly requested the audio recording from the bond hearing from Judge Volpe's chambers so that it could provide a copy with this response. Unfortunately, Judge Volpe's chambers has advised that there was an issue that day with the recording, and there is no retrievable recording.

**II.     Law and Argument**

On May 8, 2022, Rawls filed his brief in support of *de novo* review of detention order. Therein, Rawls asserts that Rawls is entitled to a bond hearing pursuant to Federal Rule of Criminal Procedure 32.1(a)(6). He argues that the fact that Rule 32.1(a)(6) sets forth the applicable burden of proof "contemplate[s] a defendant being able to meet his burden of proof during an adversary hearing or otherwise being able to present some evidence as to why he would not flee or pose a danger to any other person or the community." He further asserts that 18 U.S.C. § 3143(a)(1) provides that the "judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, . . . be detained unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community," but acknowledges that Rule 32.1(a)(6) explicitly places the burden of proof by clear and convincing evidence on the defendant. Rawls relies on *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994), in support of his argument that due process standards necessitate a bond hearing if requested by a defendant.

"A probable cause finding for a supervised release violator is constitutionally sufficient to warrant the releasee's continued detention pending the final revocation hearing in the matter." *United States v. Harwell*, No. 1:07CR287, 2018 WL 4828413, *1 (M.D.N.C. Apr. 9, 2018) (unpublished) (citing *Morrissey v. Brewer*, 408 U.S. 471, 487 (1972) (holding that a finding of probable cause is sufficient ground for continued detention of a parole violator); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (holding that "a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in [*Morrissey*]"); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992) (applying *Morrissey* and *Gagnon* protections

3

to revocations of supervised release)). In *Morrissey*, the Supreme Court acknowledged some limited due process protections for parolees, which would be satisfied where an independent decisionmaker made "some minimal inquiry" in the "nature of a 'preliminary hearing' to determine whether there is probable cause or reasonable ground to believe that the arrested parolee has committed acts that would constitute a violation of parole conditions." 408 U.S. at 485. The Supreme Court specifically found that a determination that there is "probable cause to hold the parolee for the decision of the parole board on revocation," is "sufficient to warrant a parolee's continued detention and return to the state correctional institution pending the final decision." *Id*. at 487. Thus, *Morrisey* supports Judge Volpe's opinion that the defendant is not entitled to a bond hearing, particularly in light of the fact that the Court heard testimony regarding the defendant's violations of conditions of supervision and conducted the required preliminary hearing.

Moreover, unlike the provisions of 18 U.S.C. § 3142 governing release pending trial on new charges, neither Rule 32.1(a)(6) nor 18 U.S.C. § 3143 expressly require a hearing prior to detention or set forth procedural requirements for such a hearing, other than providing that the burden of establishing a right to release is on the person detained. There is no language in Rule 32.1, nor § 3143, that requires an evidentiary hearing pending revocation. With respect to release under § 3143 pending sentencing, the Tenth and Eleventh Circuits have reached the conclusion that the statute does not require the district court to hold a hearing. *See United States v. Greene*, 158 Fed. App. 941, 942 (10th Cir. 2005) (unpublished) (per curiam) ("There is nothing in § 3143(a) that requires that the district court hold [a hearing on a request for release pending sentencing]."); *United States v. King*, No. 3:06-cr-212, 2009 WL 1767622 (M.D. Fla. June 22, 2009) ("Section 3143 contains no express requirement for an evidentiary hearing before entry of

an order of detention pending sentencing.") (quoting the Eleventh Circuit's opinion)); *cf. United States v. Abuhamra*, 389 F.3d 309, 320-21 (2d Cir. 2004) (acknowledging that due process may require "some kind of hearing" regarding detention pending sentencing, but noting that the nature of any detention hearing under § 3143 is not specified by the statute).[1]

As in *Greene*, Rawls has not indicated in his motion or brief what evidence he would present that would overcome the burden on him at such a hearing considering the facts presented at his preliminary hearing. He makes no effort to demonstrate that he can meet his burden, nor could he do so, considering the seriousness of the violations. Not only did Rawls repeatedly refuse to comply with multiple conditions of supervised release, he also fled at over 100 miles per hour from the police in a stolen vehicle, later fled on foot, and was in possession of a firearm while on federal supervision. The Court was entitled to consider the evidence presented at the preliminary hearing in determining that a separate detention hearing was unnecessary and unwarranted.

Respectfully submitted,

JONATHAN D. ROSS
United States Attorney

By STEPHANIE MAZZANTI (2006298)
Assistant U.S. Attorney
P.O. Box 1229
Little Rock, AR 72203
(501) 340-2600
Stephanie.Mazzanti@usdoj.gov

---

[1] *But see United States v. Lopez-Tomasini*, No. 20-1191, 2020 WL 12309185 (1st Cir. 2020) (holding defendant was entitled to a bail hearing while awaiting supervised release revocation hearing); *United States v. Porter*, No. 03-CR-0129, 2007 WL 3232502, *5 (E.D.N.Y. Nov. 1, 2007) (stating that a detention hearing pending a supervised release revocation hearing should be conducted).