IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                              No. 4:18-cr-49-DPM

STEVEN RAWLS, JR.                                               DEFENDANT

ORDER

After Steven Rawls, Jr. pleaded guilty to being a drug user in possession of a firearm, this Court sentenced him to four years imprisonment and two years of supervised release. Rawls served his time and was released from prison. Supervision began in October 2021. It was not smooth. In late April 2022, the United States petitioned to revoke Rawls's supervision. His probation officer verified the violations alleged in the petition. There were many technical violations—failing to get a job, not submitting urine samples, and not submitting monthly reports. The most troubling allegation was that Rawls had fled from police officers in a stolen vehicle and possessed a firearm. State charges were filed.

This Court issued a warrant for Rawls's arrest. The warrant was executed a few days later. His initial appearance was set for the next day. The wheels began turning on the counsel issue, and the Magistrate Judge formally appointed CJA counsel on the day of the hearing. Rawls

requested a preliminary examination, which is somewhat unusual in a revocation proceeding in this District. His probation officer testified. The Court's FTR Gold system malfunctioned, so no recording of the hearing exists. According to the Magistrate Judge's detention order, the probation officer said that North Little Rock police attempted a traffic stop of a stolen vehicle. Rawls turned out to be the driver. He fled at high speed. He was caught after leaving the vehicle. A gun was found along the route Rawls had traveled. All this, it's clear, provided probable cause to believe that Rawls violated his release conditions. FED. R. CRIM. P. 32.1(b)(1)(A). In the normal course of things, the Magistrate Judge also made a preliminary decision about custody. He ordered Rawls detained. The detention order is silent about the Magistrate Judge's exact reasoning, which was specified, this Court is confident, in a bench ruling.

Rawls requested a detention hearing, where he could make his case for release on bond. Because the recording failed, it's unclear whether counsel indicated what evidence he intended to offer in support of release. The Magistrate Judge denied the request. He gave reasons: the probation officer's testimony; the discretionary nature of release during the pendency of a revocation petition; and his discretion about whether to hold a detention hearing at all. "As I articulated at the hearing, I find under Federal Rule of Criminal Procedure 32.1, a hearing is not guaranteed. Rule 32.1 states, 'The magistrate judge *may*

release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings.' (Emphasis added.) I find the rule's use of 'may' means a defendant is not entitled to bond and *may* be given a bond hearing should the court find justification to address bond." Doc. 62 at 1. The Magistrate Judge invited the parties to submit authority on whether Rawls had a right to a detention hearing. They did not do so. The next day, Rawls appealed, bringing the issue here.

A person on supervised release enjoys a "conditional liberty," to use the Supreme Court's apt phrase describing a probationer's similar circumstances. *Black v. Romano*, 471 U.S. 606, 610 (1985). Of late, the Supreme Court has sharply divided over exactly what the Constitution requires when that conditional liberty is at stake. *United States v. Haymond*, 139 S. Ct. 2369 (2019) (four-one-four decision). It is settled law, however, that the Due Process Clause applies. "When a person is charged with violating a condition of supervised release, he is entitled to minimal due process rights prior to revocation of supervised release." *United States v. Sistrunk*, 612 F.3d 988, 991 (8th Cir. 2010); *see also Gagnon v. Scarpelli*, 411 U.S. 778. 781-82 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 480-82 (1972). Among those minimal rights is the right to seek release on bond during the pendency of revocation proceedings. That's the promise of Rule 32.1(a)(6), which provides:

> **Release or Detention.** The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings. The burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person.

The Rule's "may" follows on the "or" in the title of this subsection. The Magistrate Judge correctly concluded that he had discretion about detention. The Rule "says may. And may does not just suggest discretion, it *clearly* connotes it." *Biden v. Texas*, 2022 WL 2347211, at *10 (S.Ct. 30 June 2022) (emphasis original and quotations omitted). The supervisee may be detained, or he may be released on conditions, as the circumstances warrant. The embedded statute, 18 U.S.C. § 3143(a)(1), creates a rebuttable presumption of detention. The "judicial officer shall order . . ." that the supervisee "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .[.]" And Rule 32.1(a)(6) makes plain that the supervisee has the burden of rebutting that presumption with solid evidence.

How is Rawls or any supervisee to carry this burden? A paper submission might suffice. But it's inherently difficult to show clearly and convincingly that a person is neither dangerous nor a flight risk. An evidentiary hearing provides the best practical opportunity for these matters to be judged fairly and accurately. Without one, the

presumption of detention risks becoming conclusive rather than rebuttable.

Here, there was a hearing. During the preliminary examination, the United States presented evidence that Rawls was dangerous and prone to flight. The main question for decision that day, however, was whether probable cause existed to believe that Rawls had violated two important conditions of his supervision: not to commit another crime and not to possess a firearm. There's obvious overlap between the relevant proof on the probable-cause question and the dangerousness/flight risk questions. They are not the same questions, though, and the Venn diagram of the proof will vary from case to case. Whether a person poses a danger to another person or the community, or is likely to flee the District, will be determined by many circumstances. Then there is the practical matter of timing. The initial appearance occurred on the same day Rawls's lawyer was appointed, which was the day after Rawls was taken into federal custody. Defense counsel, or the United States, will often need a few days to get witnesses and evidence about release lined up. The applicable statute contemplates this breathing room. 18 U.S.C. § 3142(f).

The promise of Rule 32.1(a)(6) is that Rawls is entitled to a meaningful opportunity to overcome the presumption of detention with potentially wide-ranging proof. Had there been no preliminary examination, the Court would have no difficulty in holding that a

hearing is not discretionary; if requested, it must be granted. Due process requires nothing less. *E.g., United States v. Loya*, 23 F.3d 1529, 1531 (9th Cir. 1994). There having been a preliminary examination on related issues, the Court holds that any supported request for a hearing likewise must be granted. The discretion to deny that request is very narrow. If Rawls indicates that he has additional evidence bearing on the release issues, then he's entitled to a detention hearing to present that evidence. The Magistrate Judge implicitly recognized this possibility in noting that a hearing about bond could be provided if one was justified. *Doc. 62 at 1*. A request based on additional evidence provides that justification. And at any later hearing, the Magistrate Judge may consider the evidence received at the preliminary examination in addition to the new evidence; there's no good reason for a complete re-run.

The United States argues that the probable cause finding is always conclusive on the detention issue during revocation proceedings. *Morrissey* so holds in the parole context. 408 U.S. at 487. Some courts have extended this holding to the supervised-release context. *E.g., United States v. Harwell*, 2018 WL 4828413, at *1 (M.D.N.C. 9 April 2018). The United States Court of Appeals for the Eighth Circuit has not spoken on this specific point. There seems to be consensus among the courts of appeals, including the Eighth Circuit, that, in general, a supervisee facing revocation is due the same process as a parolee facing

revocation. Jacob Schuman, *Supervised Release Is Not Parole*, 53 Loy. L.A. L. Rev. 587, 615-19 (2020) (collecting cases). When it comes to the issue of detention hearings, however, the precedent is sparse. The Court is persuaded that *Loya* and like cases are correct: a detention hearing should be the standard drill.

While there are many practical similarities between parole and supervised release, there is a fundamental difference. A parolee remains in custody, while a supervisee does not. Some might say this is just a formality. But our law lives in its many formalities because they spring from first principles. A supervisee enjoys a greater measure of liberty than a parolee, albeit still a conditional liberty, because the supervisee has served his sentence of imprisonment. *Morrissey* predated the Sentencing Reform Act by more than a decade. That Act made sweeping changes in federal sentencing, including largely abolishing parole and creating supervised release in its place. *Johnson v. United States*, 529 U.S. 694, 696-97, 724-25 (2000). Rule 32.1(a)(6) recognizes a supervisee's enhanced liberty interest by creating the possibility of release during revocation proceedings. That possibility is not present in the parole regime described in *Morrisey*; if there's probable cause for a violation, "continued detention and return to the state correctional institution pending the final decision[]" follows as a matter of course. 408 U.S. at 487. As reflected in Rule 32.1(a)(6), more

process than that is due during proceedings to revoke supervised release.

To summarize: Release or detention during the pendency of revocation proceedings is discretionary. FED. R. CRIM. P. 32.1(a)(6). Dangerousness and flight risk are the governing criteria. Detention is presumed, but that presumption can be overcome by clear and convincing evidence. The supervisee has the burden of rebutting the presumption. 18 U.S.C. § 3143(a)(1). Detention hearings are the norm to satisfy due process. In the absence of a record-based finding of probable cause rooted in evidence that also addresses dangerousness, flight risk, or both, a detention hearing must be held on request. In the rare case when such a finding has been made after a preliminary examination, to get a detention hearing a supervisee need only indicate that he has some additional evidence to offer on the release issues. Any non-frivolous request for a hearing should be granted. And of course a detention hearing can be held by agreement as part of an initial appearance.

*   *   *

The Magistrate Judge's detention order, *Doc. 62*, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this Order.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 July 2022